SNYDER *v.* WARDEN OF MARYLAND PENI-
TENTIARY

[H. C. No. 11, September Term, 1957 (Adv.).]

*Decided July 30, 1957.*

Before BRUNE, C. J., and HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

The petitioner asks leave to appeal from a denial of a writ of *habeas corpus* by Judge Cullen of the Supreme Bench of Baltimore City. He was convicted of statutory rape and perverted sexual practice in Washington County and sentenced to a total of twelve years in the Maryland Penitentiary, to date from November 22, 1954.

The petitioner contends: (1) that he was denied the right to have all of his witnesses present at the time of his trial; (2) that his attorney was incompetent; (3) that the confession obtained from him was secured by "false misrepresentation," and parts of it had been added after he signed it; (4) that he is illiterate; and (5) that he is innocent.

None of these has merit in this proceeding. (1). This Court held in *Legrand v. Warden,* 205 Md. 662, 109 A. 2d 908, that a contention by the petitioner that he was denied the right to summons witnesses in his defense, even if true, would not constitute a basis for granting a writ of *habeas corpus.* (2). In the absence of an allegation or showing that the petitioner complained to the trial court of his counsel's alleged incompetence, ineptness or lack of interest in his cause, or that there was fraud or bad faith on the part of, or collusion with, any official of the State, a claim that the petitioner's counsel was incompetent does not justify the issuance of a writ of *habeas corpus. Legrand v. Warden, supra; Bergen v. Warden,* 208 Md. 677, 119 A. 2d 438. (3). This Court frequently has held that attacks on the competency, admissibility or sufficiency of the evidence cannot serve as the basis for the issu-

608

ance of the writ requested. *Davis v. Warden,* 208 Md. 675, 119 A. 2d 365; *Thompson v. Warden,* 209 Md. 628, 120 A. 2d 200. (4). The fact that a petitioner is illiterate, standing by itself, is not a sufficient ground to issue the writ of *habeas corpus.* It will be noted in this regard that in this case he was represented by counsel. (5). This Court has repeatedly held that the question of the guilt or innocence of the petitioner cannot be retried in *habeas corpus* proceedings. *Walker v. Warden,* 209 Md. 654, 121 A. 2d 714.

*Application denied, with costs.*